UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. BROWN, SR.,, <br><br>　　　　Petitioner, <br><br>　　v. <br><br>FRESNO SUPERIOR COURT, <br><br>　　　　Respondent. | No. 1:16-cv-01463-JLT (HC) <br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM** <br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE** <br><br>**[TWENTY-ONE DAY OBJECTION PERIOD]** |

　　　　On September 30, 2016, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner is currently detained at the Fresno County Jail awaiting trial on charges of felony assault with a deadly weapon and possession of a deadly weapon. Because comity requires a federal court to abstain from interfering with ongoing state criminal proceedings, the Court will recommend that the petition be DISMISSED WITHOUT PREJUDICE.

**I.　　DISCUSSION**

　　　　A.　　Preliminary Review of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

### B. Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The Supreme Court has further held that federal courts can abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14 (1976). In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. Id. at 818-19. Only in special circumstances such as harassment, bad faith prosecutions, and other circumstances where irreparable harm can be proven would pretrial federal habeas intervention be warranted. Carden v. State of Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on

comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). In the instant case, it appears that Petitioner has never exhausted the claims for which he currently seeks federal relief.

To the contrary, Petitioner is currently awaiting trial before the Fresno County Superior Court. Thus, Petitioner is asking this Court to step into the middle of a state criminal trial and interfere with criminal proceedings. The Court recommends declining to do so and abstaining under Younger. The state criminal proceedings are judicial in nature and the proceedings involve the important state interest of protecting the public from criminals. Abstention is justified because Petitioner has not presented the state court with any of his claims, and the state court's resolution of the claims would moot the claims in his federal petition. Further, any violation of the law or the Constitution could be appealed to the state court of appeals and to the California Supreme Court. Therefore, under the rationale of Younger, the Court recommends dismissing the petition without prejudice to re-filing after the criminal proceedings, including any appeals, are completed.

## II.     ORDER

The Clerk of Court is DIRECTED to assign a District Judge to this case.

## III.    RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within twenty-one days** after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153

(9th Cir. 1991).

IT IS SO ORDERED.

   Dated: **October 6, 2016**         **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE